### THE STATE, GRIFFITH M. COOPER, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY.

1. In the summary proceedings of the board of police commissioners dis-- missing from service a patrolman, it must appear that they found him guilty, but no formal record of conviction need be kept.
2. In this case a blank used by the board, on which the name of the accused, his plea, the finding of the board and the sentence were entered, and the paper then handed to the clerk for filing, is a suffi- cient record to support the conviction.

On *certiorari*.

Argued at February Term, 1891, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *Charles H. Voorhis*.

For the defendants, *William D. Edwards*.

The opinion of the court was delivered by

VAN SYCKEL, J. The prosecutor was a patrolman on the police force of Jersey City from November, 1885, to April, 1890, when he was tried by the board of police commissioners

on a charge of entering a greenhouse and stealing flowers and dismissed from the service.

This suit is prosecuted to set aside that dismissal, and the case of Joseph Duke *v.* The Board of Fire Commissioners of Jersey City, decided at the November Term, 1890, of this court, but not reported, is relied upon by the relator to establish his case.

In that case, the memorandum filed by this court in disposing of the case is as follows:

"The prosecutor was foreman of Engine Company No. 2, in the fire department of Jersey City. He was removed from his position and dismissed from the department November 20th, 1889. The charge preferred against him was of 'disorderly conduct at a fire at Station 57, on the morning of October 27th, 1889.'

"The charge was in writing, signed by the chief engineer of the fire department, a copy was served upon the prosecutor and he had notice of a hearing before the board of fire commissioners. He appeared at the hearing, and witnesses on both sides were examined under oath. The act of March 24th, 1885, authorizes the dismissal of members of the fire department for 'misconduct.' Disorderly conduct at a fire is misconduct within the meaning of the act. The prosecutor had a hearing on notice. A reasonable and a fair hearing and investigation, without formality in the procedure, is all that is required. This court will not retry or review the case; it is sufficient if there is a legal and substantial basis for removal, on which the commissioners acted within their authority. *Ayers* v. *Newark,* 20 *Vroom* 170.

"The minutes show only that the president announced as 'the decision of the board in the case of Joseph Duke and Thomas Lanahan, charged with disorderly conduct, that their names be dropped from the rolls.'

"The commissioners were not required to prepare any formal record of conviction, but it was necessary, in order to validate the dismissal, that they should find the prosecutor

guilty of the charge imputed to him, and that it should so appear on the minutes of their proceedings.

"Judgment of dismissal could not be passed until conviction.

"In a case like this, charging misconduct which involves forfeiture of office, it must affirmatively appear that the party charged was found to be guilty. Such findings will not be implied in order to sustain a judgment of dismissal. The proceedings below, so far as they affect Joseph Duke, the prosecutor, are set aside."

In the Duke case there was an entire absence of evidence to show that the prosecutor was declared to be guilty; all that appeared was the sentence.

The case before us is clearly distinguishable. It appears by the evidence of the clerk of the board that after the members of the board had heard the case they retired for deliberation, and on returning found Cooper guilty of the charge and specification, and sentenced him to be dismissed from the service.

This witness testifies that it was his duty, when officers were tried, to make up blank forms for the use of the board, and that he did so in this case.

The blank contained the name of the accused and his rank.

The president of the board called on the accused to plead, and his plea of not guilty was entered on the blank, and, after the hearing, the finding of the board that he was guilty, and also the sentence, was entered on the blank.

The blank, in accordance with the customary procedure in such cases, was then handed to the clerk, who subsequently lost or mislaid it, in the removal of the board from the old building, before he had entered it in the minutes.

In this case, therefore, it does appear affirmatively that the prosecutor was found guilty, and the proceedings below must be affirmed, with costs.